UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 01702

-------------------------------------------------------------------x

TIMOTHY RINALDI and CLAUDIA RINALDI,

                             Plaintiffs,

       -against-

SCAG POWER EQUIPMENT, a Division of
Metalcraft of Mayville, Inc.,

                          Defendant.

-------------------------------------------------------------------x

ECF Case

COMPLAINT

LAK

Plaintiffs Demand Trial
By Jury

FEB 2 1 2008

U.S.D.C. S.D. N.Y.
CASHIERS

    The plaintiffs by their attorneys Clark, Gagliardi & Miller P.C., complaining of the defendant allege as follows:

### JURISDICTION

    1.  Jurisdiction is based on 28 USC §1332 as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

    2.  Venue is based on 28 USC 1391(a) as the events or omissions giving rise to the claims in this case occurred in this District and the defendant is subject to jurisdiction in this District.

### THE PARTIES

    3.  At all times hereinafter mentioned the plaintiffs Timothy Rinaldi and Claudia Rinaldi are domiciliaries and citizens of New York State and reside at 38 Green Valley Road, Armonk, Westchester County, New York.

    3a.  Upon information and belief, at all times hereinafter mentioned, the defendant Scag Power Equipment, a Division of Metalcraft of Mayville, Inc. is a

Wisconsin corporation incorporated under the laws of Wisconsin with its principal place of business located at 1000 Metalcraft Drive, Mayville, Wisconsin.

4.  Upon information and belief, at all times hereinafter mentioned, the defendant Scag Power Equipment, a Division of Metalcraft of Mayville, Inc. (hereinafter SCAG) is a foreign corporation authorized to do business in New York.

5.  Upon information and belief, at all times hereinafter mentioned, the defendant SCAG transacts business within the State of New York.

6.  Upon information and belief, at all times hereinafter mentioned, the defendant SCAG contracts to supply goods or services in New York.

7.  Upon information and belief, at all times hereinafter mentioned, the defendant SCAG committed a tortious act within the State of New York.

8.  Upon information and belief, at all times hereinafter mentioned, the defendant SCAG committed a tortious act outside of the State of New York causing injury to plaintiffs within the State of New York.

9.  Upon information and belief, at all times hereinafter mentioned, the defendant SCAG regularly does business or solicits business or engages in a persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the State of New York.

10.  Upon information and belief, at all times hereinafter mentioned, the defendant SCAG expects or should reasonably expect its acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

11.   Upon information and belief, at all times hereinafter mentioned, the defendant SCAG owns, uses or possesses real property situated within the State of New York.

## THE DEFECTIVE PRODUCT

12.   The defendant SCAG manufactured a Tiger Cub Lawn Mower, Model #STC52A-24HN, Serial #9300113 (hereinafter "mower").

13.   On August 7, 2004, plaintiff Timothy Rinaldi purchased the aforesaid mower from SSR Equipment, Inc.

## THE ACCIDENT

14.   On June 2, 2007 the plaintiff Timothy Rinaldi was operating the aforementioned mower.

15.   While plaintiff Timothy Rinaldi was operating the mower as aforementioned, an accident occurred.

16.   As a result of the accident, the plaintiff Timothy Rinaldi has suffered paralysis and other serious personal injuries.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## THE DEFENDANT SCAG - STRICT PRODUCTS LIABILITY

16.   The plaintiffs repeat, reiterate and reallege with the same force and effect as though herein set forth at length the allegations contained in paragraphs "1" through "16", inclusive of the complaint.

17.   The defendant SCAG designed, manufactured, assembled, labeled, marketed, distributed and placed into the stream of commerce the mower mentioned hereinabove.

18. The defendant SCAG was required to design, manufacture, assemble, label, market, distribute and place into the stream of commerce the mower in a condition which was reasonably safe.

19. The mower was not reasonably safe at the time of manufacture and at the time of the accident.

20. The mower was defective at the time of manufacture and at the time of the accident.

21. At the time of the accident, the mower was being used in a manner intended by the defendant SCAG.

22. The defendant SCAG had the duty to give adequate warning of any dangers known to it or which, in the use of reasonable care, should have been known to it regarding the use of the mower along with instructions regarding the safe use of the machine.

23. The defendant SCAG failed to provide adequate warnings and instructions for the use of the mower.

24. That by reason of the foregoing plaintiff Timothy Rinaldi was caused to sustain severe, painful and permanent injuries, including paralysis, was caused to be hospitalized and undergo medical treatment and to incur expenses therefor, which injuries have limited his ability to engage in his normal pursuits, activities and employment.

25. That by reason of the foregoing, plaintiff Timothy Rinaldi has been damaged in the amount of $25 million.

26. That by reason of the grossly negligent, wanton, reckless and careless acts of the defendant SCAG as aforementioned, plaintiffs demand punitive damages in an amount of $25 million.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST THE DEFENDANT SCAG - NEGLIGENCE

27. The plaintiffs repeat, reiterate and reallege with the same force and effect as though herein set forth at length the allegations contained in paragraphs "1" through "16" and "18" through "26" inclusive of the complaint herein.

28. The defendant SCAG was required to exercise reasonable care in the design, manufacture, assembly, labeling, marketing and distribution of the mower.

29. The defendant SCAG was required to use reasonable care to give adequate warning of dangers it knew or of which it should have known regarding the use of the mower.

30. The defendant SCAG was required to give adequate and proper instructions concerning the proper and safe use of the mower.

31. The defendant SCAG was negligent, careless and reckless in the design, manufacture, assembly, marketing and distribution of the mower and in failing to warn of dangers in the use of the product and to instruct as to the proper use of its product.

32. By reason of the foregoing plaintiff Timothy Rinaldi was caused to sustain severe, painful and permanent injuries, including paralysis, was caused to be hospitalized and undergo medical treatment and to incur expenses therefor, which injuries have limited his ability to engage in his normal pursuits, and employment.

33. That by reason of the foregoing, plaintiff Timothy Rinaldi has been damaged in the amount of $25 millionn.

34. That by reason of the grossly negligent, wanton, reckless and careless acts of the defendant SCAG as aforementioned, plaintiff s demand punitive damages in an amount of $25 million.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT SCAG - BREACH OF WARRANTY

35. The plaintiffs repeat, reiterate and reallege with the same force and effect as though herein set forth at length the allegations contained in paragraphs "1" through "16", "18" through "26"and "28" through "34" inclusive of the complaint herein.

36. The defendant SCAG warranted that the mower was fit for the ordinary purposes for which such products are used and that it was of merchantable quality.

37. The defendant SCAG breached the aforementioned warranties in that the mower was not fit for the purposes for which it was intended, and was not of merchantable quality.

38. By reason of the foregoing plaintiff Timothy Rinaldi was caused to sustain severe, painful and permanent injuries, including paralysis, was caused to be hospitalized and undergo medical treatment and to incur expenses therefor, which injuries have limited his ability to engage in his normal pursuits, activities and employment.

39. That by reason of the foregoing, plaintiff Timothy Rinaldi has been damaged in the amount of $25 million.

40. That by reason of the grossly negligent, wanton, reckless and careless acts of the defendant as aforementioned, plaintiff demands punitive damages in the amount of $25 million.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANT SCAG - LOSS OF CONSORTIUM

41. The plaintiffs repeat, reiterate and reallege with the same force and effect as though herein set forth at length the allegations contained in paragraphs "1" through "16", "18" through "26", "28" through "34" and "36" through "40" inclusive of the complaint herein.

42. That the plaintiffs Timothy Rinaldi and Claudia Rinaldi resided together as husband and wife.

43. That by reason of the foregoing the plaintiff Claudia Rinaldi was and continues to be deprived of the services, society, companionship and consortium of her spouse, Timothy Rinaldi.

44. That by reason of the foregoing, plaintiff Claudia Rinaldi has been damaged in the amount of $5 million.

## GENERAL ALLEGATION

45. The provisions of Article 16 of the New York Civil Practice Law and Rules regarding limited liability of persons jointly liable do not apply because the defendant acted with reckless disregard for the safety of others. (C.P.L.R. 1602.7).

WHEREFORE plaintiffs demand judgment against the defendant for compensatory damages on each of the first, second and third causes of action in the amount of $25 million, punitive damages in the amount of $25 million on each cause of

action, and compensatory damages on the fourth cause of action in the amount of $5

million plus costs and disbursements incurred in this matter.

DATED:    White Plains, NY
          February 20, 2008

                    Yours, etc.,

                    CLARK, GAGLIARDI & MILLER P.C.

                    By:_____
                        Lawrence T. D'Aloise, Jr.
                        (LTD - ss#7155)

                    Attorneys for Plaintiffs
                    The Inns of Court
                    99 Court Street
                    White Plains, NY 10601
                    (914) 946-8900