UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                       :         ECF CASE

TIMOTHY RINALDI and
CLAUDIA RINALDI,                :         08 CV 1702 (KMK)
                                         :

                 Plaintiffs,     :

                                         :         ANSWER,
   -against-                  AFFIRMATIVE DEFENSES
                                         :         AND DEMAND FOR
                                              TRIAL BY JURY

SCAG POWER EQUIPMENT,     :
A Division of Metalcraft of Mayville, Inc.
                                         :

                 Defendant.     :

-------------------------------------------------------------x

      COMES NOW the defendant, Scag Power Equipment, a Division of Metalcraft of Mayville, Inc., by its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, and as and for an Answer to the plaintiffs' Complaint, admits, denies and alleges as follows:

### Jurisdiction

1.      Answering paragraph 1, admits the allegations contained therein.

2.      Answering paragraph 2, admits the allegations contained therein.

### The Parties

3.      Answering paragraph 3, admits the allegations contained therein.

3a.     Answering paragraph 3a, admits the allegations contained therein.

4.      Answering paragraph 4, admits that Scag Power Equipment is entitled to do business in the State of New York.

5.      Answering paragraph 5, admit the allegations contained therein.

6.      Answering paragraph 6, admits the allegations contained therein.

7.    Answering paragraph 7, denies the allegations contained therein.

8.    Answering paragraph 8, denies the allegations contained therein.

9.    Answering paragraph 9, admits that Scag Power Equipment does sell products distributed and used within the State of New York.

10.    Answering paragraph 10, admits that Scag Power Equipment does derive revenue from the sale of products in the State of New York but, for lack of information sufficient to form a belief, denies that this revenue would be considered to be "substantial."

11.    Answering paragraph 11, denies the allegations contained therein.

### Alleged Defective Product

12.    Answering paragraph 12, admits the allegations contained therein.

13.    Answering paragraph 13, admits the allegations contained therein.

### The Accident

14.    Answering paragraph 14, for lack of information sufficient to form a belief, denies the allegations contained therein.

15.    Answering paragraph 15, for lack of sufficient information to form a belief, denies the allegations contained therein.

16.    Answering paragraph 16, for lack of information sufficient to form a belief, denies the allegations contained therein.

### Answer to First Cause of Action – Strict Products Liability

16.    Answering paragraph 16, admits, denies and alleges as if set forth herein in full the previous admissions, denials and allegations made to paragraphs 1 through 16 inclusive.

17.    Answering paragraph 17, admits that Scag manufactured the mower identified as the "accident" mower.

18.    Answering paragraph 18, in that the term "required" in the allegation is vague and without definition, for lack of information, Scag denies the allegation contained therein but affirmatively states that mowers it designs, manufactures and sells, including the mower identified as the accident mower, are reasonably safe.

19.    Answering paragraph 19, denies the allegations contained therein.

20.    Answering paragraph 20, denies the allegations contained therein.

21.    Answering paragraph 21, denies the allegations contained therein.

22.    Answering paragraph 22, in that the phrase "had the duty" is vague and without definition, for lack of information, denies the allegations contained therein. Additionally, in that the term "duty" is a legal conclusion, Scag denies the allegations.

23.    Answering paragraph 23, denies the allegations contained therein.

24.    Answering paragraph 24, denies the allegations contained therein.

25.    Answering paragraph 25, denies the allegations contained therein.

26.    Answering paragraph 26, denies the allegations contained therein.

### Answer to Second Cause of Action – Negligence

27.    Answering paragraph 27, admits, denies and alleges as if set forth herein in full the admissions, denials and allegations made to paragraphs 1 through 16 and 18 through 26 of the plaintiffs' Complaint.

28.    Answering paragraph 28, in that the term "required" is vague and without definition and calls for a legal conclusion, Scag denies the allegations contained therein.

Additionally, Scag affirmatively states that it does exercise reasonable care in the design, manufacture, assembly, labeling, marketing and distribution of the mower.

29.     Answering paragraph 29, in that the word "required" is vague and without definition and is a legal conclusion, for lack of information, Scag denies the allegations contained therein.

30.     Answering paragraph 30, in that the word "required" is vague and without definition and is a legal conclusion, for lack of information, Scag denies the allegations contained therein.

31.     Answering paragraph 31, denies the allegations contained therein.

32.     Answering paragraph 32, denies the allegations contained therein.

33.     Answering paragraph 33, denies the allegations contained therein.

34.     Answering paragraph 34, denies the allegations contained therein.

**Answer to Third Cause of Action – Breach of Warranty**

35.     Answering paragraph 35, admits, denies and alleges as if set forth herein in full the admissions, denials and allegations made to paragraphs 1 through 16, 18 through 26 and 28 through 34 inclusive.

36.     Answering paragraph 36, denies the allegations contained therein.

37.     Answering paragraph 37, denies the allegations contained therein.

38.     Answering paragraph 38, denies the allegations contained therein.

39.     Answering paragraph 39, denies the allegations contained therein.

40.     Answering paragraph 40, denies the allegations contained therein.

**Answer to Fourth Cause of Action – Loss of Consortium**

41.    Answering paragraph 41, Scag admits, denies and alleges as if set forth herein in full its admissions, denials and allegations made to paragraphs 1 through 16, 18 through 26, 28 through 34 and 36 through 40 inclusive.

42.    Answering paragraph 42, for lack of information denies the allegations contained therein.

43.    Answering paragraph 43, denies the allegations contained therein.

44.    Answering paragraph 44, denies the allegations contained therein.

**General Allegation**

45.    Answering paragraph 45, denies the allegations contained therein.

**Affirmative Defenses**

As and for affirmative defenses, this answering defendant states and alleges to the Court as follows:

46.    That the plaintiffs' claim for breach of warranty fails to state facts sufficient to constitute a cause of action.

47.    Any injuries or damages sustained by the plaintiff were directly and proximately caused by the negligence of Timothy Rinaldi.

48.    That any dangers associated with the operation of the alleged Scag mower were open and obvious and did not require warnings.

49.    That the plaintiff, Timothy Rinaldi was specifically made aware of the availability of a safety device for the alleged Scag mower but chose not to have the mower so equipped; as a result, Timothy Rinaldi assumed the risks of operating the mower.

50.    The actions of Timothy Rinaldi in operation of the mower constituted a superceding and intervening cause of any injuries or damages sustained by the plaintiffs.

WHEREFORE, Defendant SCAG Power Equipment, a Division of Metalcraft of Mayville, Inc. requests that judgment be entered as follows:

A.    Dismissing plaintiffs' First Cause of Action, together with an award of attorneys' fees, costs, disbursements and such other and further relief as this Court may deem just and proper.

B.    Dismissing plaintiffs' Second Cause of Action, together with an award of attorneys' fees, costs, disbursements and such other and further relief as this Court may deem just and proper.

C.    Dismissing plaintiffs' Third Cause of Action, together with an award of attorneys' fees, costs, disbursements and such other and further relief as this Court may deem just and proper.

D.    Dismissing plaintiffs' Fourth Cause of Action, together with an award of attorneys' fees, costs, disbursements and such other and further relief as this Court may deem just and proper.

E.    Dismissing plaintiffs' General Allegation set forth in paragraph 45 of the Amended Complaint, together with an award of attorneys' fees, costs, disbursements and such other and further relief as this Court may deem just and proper.

F.    For such other and further relief as this Court may deem just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

The Defendant herein demands a trial by jury on all issues so triable.

Dated: New York, New York
April 11, 2008

By:   s/ Brian J. Carey, Esq.
                        _____
Brian J. Carey, Esq. (BC 8041)
McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Wall Street Plaza
88 Pine Street, 24th Floor
New York, New York 10005
Tel: (212) 483-9490
Fax: (212), 483-9490
Email: bjcarey@mdmc-law.com
*Attorneys for Defendant*
*SCAG Power Equipment, a Division of*
*Metalcraft of Mayville, Inc.*

*And*

Donald H. Carlson, Esq. (DC 8567)
*Application for Pro Hac Vice Admission to*
*be filed*
CRIVELLO CARLSON, S.C.
710 North Plankinton Avenue
Milwaukee, Wisconsin 53203
Tel.: (414) 271-7722
Fax: (414) 271-4438
Email: dcarlson@crivellocarlson.com
*Attorneys for Defendant*
*SCAG Power Equipment, a Division of*
*Metalcraft of Mayville, Inc.*

TO:   Lawrence T. D'Aloise, Jr. (LTD 7155)
      CLARK, GAGLIARDI & MILLER, P.C.
      The Inns of Court
      99 Court Street
      White Plains, New York 10601
      Tel.: (914) 946-8900
      Fax: (914) 946-8960
      Email: ldaloise@cgmlaw.com
      *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| | : | ECF CASE |
| TIMOTHY RINALDI and | | |
| CLAUDIA RINALDI, | : | 08 CV 1702 (KMK) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -against- | : | CERTIFICATE OF SERVICE |
| | : | |
| SCAG POWER EQUIPMENT, | | |
| a Division of Metalcraft of Mayville, Inc., | : | |
| | : | |
| Defendant. | : | |
| | : | |

-------------------------------------------------------------------x

   Brian J. Carey, Esq., an attorney duly admitted to practice in the United States

District Court, Southern District of New York, hereby certifies pursuant to Fed. R. Civ. P.

5 that on April 11, 2008 I served true and accurate copies of the within Answer,

Affirmative Defenses and Demand for Trial by Jury and this Certification of Service

upon the following:

   Lawrence T. D'Aloise, Jr. (LTD 7155)
   CLARK, GAGLIARDI & MILLER, P.C.
   The Inns of Court
   99 Court Street
   White Plains, New York 10601
   Tel.: (914) 946-8900
   Fax: (914) 946-8960
   E-Mail: ldaloise@cgmlaw.com
   *Attorneys for Plaintiffs*

   I HEREBY CERTIFY that all of the foregoing statements made by me are true.  I

am aware that if any of the foregoing statements made by me are willfully false, I am

subject to punishment.

1

Dated:  New York, New York
   April 11, 2008

        By:  s/ Brian J. Carey
              _____

              Brian J. Carey, Esq. (BC 8041)
              McELROY, DEUTSCH, MULVANEY
              & CARPENTER, LLP
              Wall Street Plaza
              88 Pine Street, 24th Floor
              New York, New York 10005
              Tel.: (212) 483-9490
              Fax: (212) 483-9490
              Email: *bjcarey@mdmc-law.com*
              *Attorneys for Defendant*
              *SCAG Power Equipment,*
              *a Division of Metalcraft of Mayville, Inc.*